IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JUN 0 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

FEDERICO ROMERO-CORTINAS, §
        Petitioner, §
 §
VS. §                                    CIVIL ACTION NO. B-99-200
 §
JANET RENO, United States Attorney §
General, IMMIGRATION AND §
NATURALIZATION SERVICE, §
        Respondents. §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Janet Reno and Immigration and Naturalization Service's

("Respondents") motion to dismiss.  (Docket No. 2).  Petitioner, Federico Romero-Cortinas ("Mr.

Romero-Cortinas") did not file a response to Respondent's motion to dismiss.


## FACTS

Mr. Romero-Cortinas is a native and citizen of Mexico who has filed a petition in this Court

for Writ of Habeas Corpus.  He was admitted into the United States as a a lawful permanent resident

on or about November 24, 1972.

Mr. Romero-Cortinas is challenging a decision of the Board of Immigration Appeals ("BIA")

which found him removable from the United States on the basis of a conviction for an aggravated

felony offense.  He was convicted in the 357th Judicial District Court of Cameron County, Texas, for

the felony offense of Driving While Intoxicated, his third conviction for that offense.  On August 29,

1997, he was sentenced to serve five years of imprisonment, suspended for five years probation.  As

a result of this conviction, the Immigration and Naturalization Service ("INS") placed Mr. Romero-

Cortinas in removal proceedings, charging him with removability under § 237(a)(2)(A) of the

CHIPDF - www.foxito.com

Immigration and Nationality Act. 8 U.S.C. § 1227(a)(2)(A)(iii) (1997). On November 5, 1998, an Immigration Judge found Mr. Romero-Cortinas removable as an alien convicted of an aggravated felony crime, determined that he was ineligible for relief, and ordered him removed from the United States to Mexico. Mr. Romero-Cortinas appealed the decision of the Immigration Judge to the BIA. On October 14, 1999, the BIA dismissed Mr. Romero-Cortinas' appeal and he then filed a petition for Writ of Habeas Corpus in this Court.

STANDARD OF REVIEW

Ruling on a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), requires the court to accept the allegations as true and view them in the light most favorable to the non-mover, drawing all reasonable inferences in that party's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The motion is denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle them to relief. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

The court may not look beyond the pleadings in ruling on the 12(b)(6) motion. *Baker*, 75 F.3d at 196. A plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Jefferson v. Lead Industries Association, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). Dismissal is proper only if there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591 594 (5th Cir. 1991).

2

## RECOMMENDATION

Mr. Romero-Cortinas makes several arguments in his Petition for Writ of Habeas Corpus.[1,2] However, before this Court can address any of these individual arguments it must first determine whether it has jurisdiction over Mr. Romero-Cortinas' habeas petition challenging his final order of removal entered by the Attorney General on October 14, 1999.

In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which made significant changes to the jurisdictional provisions of the INA. In order to implement this change, Congress enacted two sets of new jurisdictional rules, transitional rules and permanent rules. The permanent rules, as codified in INA § 242, 8 U.S.C. § 1252(a)(2)(C) (1987), apply to aliens whose removal proceedings began after April 1, 1997. This provision reads in part:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committd a criminal ofense covered in section … 1227 (a)(2)(C)[3]. 8 U.S.C. § 1252(a)(2)(C) (1987).

---

[1]In actuality, Mr. Romero-Cortinas submitted a Petition for Writ of Error Coram Nobis in the same document as his Petition for Writ of Habeas Corpus. However, the writ of coram nobis has been abolished by Fed. R. Civ. P. 60(b) and is superseded by relief as provided by that rule. Therefore, the Court construes all arguments made by Mr. Romero-Cortinas in his Writ of Error Coram Nobis to be ones made for his Petiton for Writ of Habeas Corpus.

[2]Mr. Romero-Cortinas' arguments for relief contained in his petition can be summarized as follows: (1)ineffective assistance of counsel, (2) denial for eligiblitiy hearing under § 212(c) violates the United States constitution and international treaties, (3) INS incorrectly applied the law retroactively to him, and (4) his due process rights as guaranteed by the 5th and 14th Amendments were violated.

[3]§ 1227(a)(2)(C) applies to those aliens who have committed an aggravated felony. Mr. Romero-Cortinas was convicted in state court for driving while intoxicated. Since this was his third conviction for the same offense, the Texas Penal Code enhances this conviction to a felony offense. The Immigration Judge determined that Mr. Romero-Cortinas met the criteria set under § 237(a)(2)(A)(iii) of the INA, which states that an alien is removable at any time after admission if they have been convicted of an aggravated felony as defined in § 101(a)(43)(F) of the Act. § 101(a)(43)(F) specifically states that the term aggravated felony means a crime of violence for which the term of imprisonment is at least one year or more. Since, Mr. Romero-Cortinas was sentenced to five years of imprisonment, he falls within this section.

3

The Fifth Circuit has recently examined these permanent rules in *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000). *See also Finlay v. Immigration and Naturalization Service*, 210 F.3d 556, (5th Cir. 2000)(filed simultaneously as *Max-George* and dismissed for lack of jurisdiction); *Garnica-Vasquez v. Reno*, 210 F.3d 558, (5th Cir. 2000)(dismissed for lack of jurisdiction). The Fifth Circuit concluded that the IIRIRA permanent rules completely stripped the federal courts of habeas jurisdiction under § 2241 (a)(2)(C) for those cases that fall within § 1252(a)(2)(C). *Id* at 197, 198.

However, the Fifth Circuit stated that there is the possibility of some judicial consideration in cases which the petitioner is appealing a BIA decision. In these instances there is a three prong test that must be applied to these types of cases. If each prong is answered in the affirmative, then the habeas petition must be dismissed for lack of jurisdiction. The test is as follows: (1) Do specific conditions exist that bar jurisdiction?[4], (2) Are the particular provisions classifying the petitioner under the permanent rules being constitutionally applied?, and (3) Is the level of judicial review remaining in a particular case constitutionally adequate?[5]

In the present case Mr. Romero-Cortinas removal proceedings did not commence until October 21, 1998. Therefore, judicial review of his final removal order is governed by permanent rules codified at § 242(a)(2)(C) of the INA. 8 U.S.C. § 1252(a)(2)(C) (1997). This court would be barred from hearing Mr. Romero-Cortinas' petition for writ of habeas corpus since his case falls

---

[4]The prerequisites to review preclusion under INA 242(a)(2)(C) are: (i)an alien; (ii) deportable, (iii) for committing a crime covered in INA 237(a)(2)(A)(iii). *Camacho-Marroquin v. INS*, 188 F.3d 649, 651(5th Cir. 1999).

[5]The writ of habeas corpus preserved in the Constitution is narrower than the writ made available in § 2241. Therefore, Congress can repeal or supersede § 2241 without violating the Constitution so long as the writ "... guaranteed against suspension is not eliminated." *Id*. at 202. This is because in the immigration context, Congress in the exercise of its broad power over immigration and naturalization, "... regularly makes rules that would be unacceptable if applied to citizens." *Id*. at 202. Thus, the Fifth Circuit has concluded that despite IIRIRA's limitations the alien still receives substantial judicial review and legitimate claims made by petitioners that they are not constitutionally protected are highly unlikely to occur. *Id*. at 203.

within § 242, but because he is appealing a BIA decision this Court must apply the three prong test as set forth in the preceeding paragraph to his case.

In application of this test to the instant case, it is clear that the first prong has been met. He is an alien that is deportable for committing a crime that falls within INA § 237(a)(2)(A)(iii). See Footnote 3. The second prong can also be answered in the affirmative. Petitioner claims that it violates his due process to apply the definition of a crime of violence under INA § 101(a)(43)(F) as including the offense of "driving while under the influence" because it is being retroactively applied to him. However, it is well settled case law that Congress has the authority to make past criminal activity a new ground for deportation, thus Mr. Romero-Cortinas' claim fails and this Court is not deprived of jurisdiction based on this issue. *Garnica-Vasquez v. Reno*, 210 F.3d 558, 559 (5th Cir. 2000). Finally, Mr. Romero-Cortinas does not have any legitimate arguments to be made under the third prong. According to the Fifth Circuit in *Max-George v. Reno*, 205 F.3d 194, 202 (5th Cir. 2000), "… despite IIRIRA's limitations the alien still receives substantial review" and claims under this prong are very unlikely to be successful. *Id.* at 203. A review of the procedural history in the case at hand clearly shows that despite the fact that Mr. Romero-Cortinas is barred from filing a habeas petition in this Court, there was still adequate judicial review afforded him in that he had a review by the BIA. In *Max-George*, a case where the facts are substantially similar to this case, the Fifth Circuit held that a deportation proceeding by the INS was adequate judicial review. *Max-George*, 205 F.3d at 202.

Since, Mr. Romero-Cortinas can not show that any of the three prongs in the aforementioned test can be answered in his favor, he is subject to the permanent rules of § 242 and this Court has no jurisdiction to hear his petition for writ of habeas corpus. Therefore, this Court

CutePDF - www.tazpo.com

need not address the individual arguments Mr. Romero-Cortinas sets forth in his petition for writ of habeas corpus.

IT IS THEREFORE **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2nd day of May, 2000 .

John Wm. Black
United States Magistrate Judge

6