8

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 00-40870
Summary Calendar

D.C. Docket No. B-99-CV-200

U. S. COURT OF APPEALS
FILED
MAY 18 2001
CHARLES R. FULBRUGE III
CLERK

FEDERICO ROMERO-CORTINAS

    Petitioner - Appellant

v.

UNITED STATES OF AMERICA

    Respondent - Appellee

Appeal from the United States District Court for the
    Southern District of Texas, Brownsville.

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: JUL 10 2001

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
    Deputy

New Orleans, Louisiana   JUL 10 2001

U.S. COURT OF APPEALS
FILED
MAY 18 2001
CHARLES R. FULBRUGE III
CLERK

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-40870
Summary Calendar

FEDERICO ROMERO-CORTINAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(B-99-CV-200)

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Federico Romero-Cortinas, an alien ordered to be removed from the United States by the Immigration and Naturalization Service, appeals the dismissal of his petition for a writ of error coram nobis and 28 U.S.C. § 2241 writ of habeas corpus. The district court concluded: coram nobis relief was no longer available; and § 2241 jurisdiction was eliminated under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

Romero presents constitutional challenges to the proceedings conducted by the immigration judge and the Board of Immigration

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appeals, maintaining the proceedings lacked impartiality and constituted an inadequate forum for consideration of his constitutional claims. Romero also asserts that IIRIRA violates the Constitution, primarily its prohibition against ex post facto laws, by: (1) mandating removal of aliens who have been convicted of aggravated felonies, even though those felonies were committed prior to its enactment; and (2) denying him eligibility for a waiver hearing at which time his right to family life could have been considered. Romero buttresses these arguments by pointing to purported violations of treaties, customary international law, and *jus cogens*. Despite these contentions, he makes *no* assertion or showing that his claims fall within the scope of the constitutionally protected writ of habeas corpus, which is more narrow than the writ made available in § 2241. See *Max-George v. Reno*, 205 F.3d 194, 201-03 (5th Cir. 2000) (under 28 U.S.C. § 1252(a)(2)(C), all habeas petitions by aliens removable as aggravated felons are to be dismissed for lack of jurisdiction unless *unlikely* showing made that claims fall within protection of constitutional writ), *petition for cert. filed*, (U.S. 23 Aug. 2000)(No. 00-6280). Neither of Romero's concerns regarding IIRIRA's retroactive effect fall within the scope of the constitutional writ. See *Finlay v. INS*, 210 F.3d 556, 557-58 (5th Cir. 2000) (claim that ex post facto law denied petitioner discretionary relief from removal fell outside scope of constitutional writ because "Congress can attach new immigration

consequences to past criminal activity"). Additionally, international law does *not* control when, as here, there is a "controlling executive or legislative act or judicial decision". *See Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1447, *amended by*, 997 F.2d 1122 (5th Cir. 1993). By failing to make a showing that his claim falls under the protection of the constitutional writ, Romero has *not* demonstrated that the district court erred in dismissing his habeas petition for lack of jurisdiction. *See Max-George*, 205 F.3d at 202-03.

Romero also contends that the district court erred in refusing to consider his request for a writ of error coram nobis and in stating that Federal Rule of Civil Procedure 60(b) had abolished such relief. Because such a writ is unavailable in federal court to attack a state criminal judgment, he has *not* shown that the district court erred in refusing to consider the requested relief. *See Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *Cavett v. Ellis*, 578 F.2d 567, 569 n.4 (5th Cir. 1978).

Romero also maintains that the district court erred in *not* transferring his case to this court pursuant to 28 U.S.C. § 1631. Under 28 U.S.C. § 1631, a case may be transferred to another court only if it could have been brought in that court when filed. Because Romero filed his petition in the district court more than 30 days after his removal order became final, the district court could *not* have transferred the petition to this court as a petition for review. *See Finlay*, 210 F.3d at 557; 8 U.S.C. § 1252(b)(1).

3

**AFFIRMED**

4

ClibPDF - www.fastio.com